UNITED STATES DISTRICT COURT
THE DISTRICT OF CONNECTICUT

In Re: Grand Jury Subpoena
N-18-1-45(10)  Control No. 518

: **Under Seal**
: Misc. No.
:   3:18mj1407(RMS)
: September 11, 2018

FILED
2018 SEP 11  A 9:48
U.S. DISTRICT COURT
NEW HAVEN, CT

## APPLICATION FOR NON-DISCLOSURE ORDER

The United States requests that the Court order Apple Inc. (the "Provider") not to notify any person, including the subscribers and customers of the accounts that are the subject of above-referenced grand jury subpoena, of the existence of the subpoena for a period of six months, until March 11, 2019. A copy of the subpoena is being provided for the Court's review; however, the subpoena is not being filed with the Court.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). The United States obtained the above-referenced grand jury subpoena, which requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate the subpoena relates to an ongoing grand jury investigation into several criminal violations related to a business email compromise scheme to obtain money from others through fraudulent means. The investigation is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the

ongoing investigation. Cyber-related investigations such as this one can be prolonged because cyberspace offers suspects numerous opportunities to hide their identity.

Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to computers. In addition, the Court has an interest in keeping grand jury investigations secret.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the above-referenced subpoena for a period of six months, until March 11, 2019, except that the Provider may disclose the subpoena to an attorney for the Provider for the purpose of receiving legal advice and as necessary to the Provider's employees.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700
Email: neeraj.patel@usdoj.gov